Prob 12A (9/06)

FILED
2024 OCT 15 AM 11:10
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT
for
### WESTERN DISTRICT OF TEXAS

## Report on Offender Under Supervision

**Name of Offender:** Enrique Alfredo Tavares aka Mask

**Case Number:** EP-14-CR-01236KC(2)

**Name of Sentencing Judicial Officer:** Kathleen Cardone, U.S. District Judge

**Date of Original Sentence:** June 8, 2017

**Original Offense:** Conspiracy to Possess with Intent to Distribute a Quantity of Heroin, 21 U.S.C. § 846 & § 841

**Original Sentence:** Sixty-three (63) months custody and three (3) years of supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** April 29, 2022

---

### PREVIOUS COURT ACTION

On January 29, 2018, the Court re-sentenced Tavares and amended the judgment to include a term of imprisonment of fifty-five (55) months with credit for time served while in state custody pending transfer to federal custody and three (3) years of supervised release.

On September 18, 2023, Tavares' term of supervision was revoked due to failing to notify his probation officer of law enforcement contact within 72 hours, submitting a drug test which rendered positive results for amphetamines and cocaine, and failing to follow the rules and regulations of the Location Monitoring Program. He was sentenced to time served (27 days) followed by three (3) years of supervised release.

On February 29, 2024, Tavares' term of supervision was revoked due to failing to attend services at Aliviane, using a controlled substance to wit: cocaine, and failing to follow the instructions of his probation officer. He was sentenced to time served (44 days) followed by two (2) years of supervised release.

On April 9, 2024, a Report on Offender Under Supervision was submitted by the probation officer notifying the Court that on March 21, 2024, Tavares submitted a urine sample that yielded positive results for amphetamines. The probation officer recommended no further court action to allow Tavares the opportunity to participate in a substance abuse treatment program. On April 10, 2024, the court accepted the probation officer's recommendation, and no further court action was taken.

On May 15, 2024, a Report on Offender Under Supervision was submitted by the probation officer notifying the Court that on April 12, 2024, Tavares submitted a urine sample that yielded positive results for amphetamines. The probation officer recommended no further court action to allow Tavares the opportunity to continue to participate in a substance abuse treatment program. On May 20, 2024, the court accepted the probation officer's recommendation, and no further court action was taken.

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

**Violation Number 1:** You must not commit another federal, state or local crime.

> **Nature of Noncompliance:** According to Anaheim Police Department Offense Report Number 2024-143212, Tavares was charged and arrested for the offenses of Domestic Violence:F:Inflict Corporal Injury-Spouse/Cohabitant, in violation of California Charge Statute PC 273.5(A), and Child Endangerment-Neglect Only, in violation of California Charge Statue PC 273A(B). According to the arresting police office officers, they responded to the Castle Inn in reference to a domestic violence that had just occurred. Upon arrival, Tavares opened the door from the room and the officers entered the room to ensure the welfare of everyone inside. The officers contacted the victim, who was seated on the bed with her one-year-old daughter. The victim stated to the officers that nothing happened between her and Tavares. The victim also stated they are not dating and do not live together but have a child in common. The victim also stated they came together to California. The victim advised she and Tavares got into an argument. When the officers asked the victim if Tavares put hands on her, she said Tavares hit her. The victim stated Tavares was on top of her, headbutted her, bit her lip, bit her neck, and kicked her. She pointed to her neck where the officers observed a red mark on the right side of her neck. Officers observed what appeared to be a small cut on the bottom center of her lip. The victim stated her children were both in the bathroom when this occurred and did not see anything. The victim stated she defended herself by trying to get Tavares off her, but she did not want to elaborate how. The victim also kept telling the officers she did not desire prosecution and did not want to say anything else. The officers kept trying to ask the victim for more details about the incident, but she was adamant about not disclosing any more information. The victim did not allow the officers to photograph her, and she kept covering herself. According to the officers, the victim was uncooperative during most of the interview. The victim refused an Emergency Protective Order, she refused to sign the victim advocate/confidentiality/medical release waiver, and she denied any medical attention on scene.
>
> When officers interviewed Tavares, Tavares stated they were at California Adventure theme park when they argued over their lost backpack. Tavares left the park to avoid further conflict with the victim. When they returned to their hotel room the argument between them continued. During the argument, the victim was standing approximately one foot away from Tavares when she frantically raised her hands. Tavares was fearful the victim was going to hit him, so he grabbed her wrists to control her arms. The victim threw herself back onto the bed landing on her back. Tavares was pulled down nearly on

Enrique Alfredo Tavares aka Mask
Docket No. EP-14-CR-01236KC(2)
Report on Offender Under Supervision
Page | 3

top of the victim. During this time, Tavares acquired two small abrasions on the top of his head. It should be noted that Tavares advised officers the victim sustained the contusion on the left side of her neck the night prior when they were having intercourse. Tavares then took one of the children on a 10-minute walk to help her calm down as she witnessed the dispute and returned a short time later. The victim became upset with Tavares for taking the child and threatened to report him to police alleging he kidnapped the child. Tavares immediately called 9-1-1 for police assistance. Tavares remained adamant that the dispute between himself and the victim was verbal and did not assault each other. Subsequently, Tavares was placed under arrest and was transported to the Anaheim Police Department for booking. On the same day, Tavares released from custody on bond and the case remains pending a final disposition in Orange County, California.

**U.S. Probation Officer Action:**

The probation officer admonished Tavares for the new violation and reminded him of the possible consequences of such non-compliance. As such, given the case remains pending, it is respectfully recommended that this new violation be held in abeyance and that no further action be taken at this time to allow Tavares the opportunity to address his pending state charges to a final disposition. The probation officer has instructed Tavares not to have further contact or communication with the victim unless it is concerning the child they share. The probation officer will also continue to monitor the pending case and notify the court regarding the final disposition of this case. Accordingly, any further violations will be communicated to the Court promptly.

Respectfully submitted,

Leobardo Moreno
U.S. Probation Officer
Office (915) 585-5535
Cellular (915) 202-5597
Date: October 9, 2024

Approved by,

David C. Trejo
Supervising U.S. Probation Officer
Office (915) 585-5576
Cellular (915) 861-8369

Enrique Alfredo Tavares aka Mask
Docket No. EP-14-CR-01236KC(2)
Report on Offender Under Supervision
P a g e | 4

---

## COURT ACTION RECOMMENDED:

[X]  Concur with above action

[ ]  No action

[ ]  Submit a Petition for Warrant or Summons

[ ]  Submit a Request for Modifying the Conditions or Term of Supervision

[ ]  Other:


_____
Kathleen Cardone, U.S. District Judge


October 11, 2024
Date